IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CALBERT FALCOLNER,

   Plaintiff,

     v.

QUIKTRIP CORP.,

   Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-3507-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 23]. For the reasons stated below, the Defendant's Motion for Summary Judgment is DENIED.

**I. Background**

On October 10, 2012, the Plaintiff Calbert Falcolner stopped at a QuickTrip gas station in Decatur, Georgia.[1] The Plaintiff went inside QuickTrip's store to pay for his gas.[2] After he exited the store, the Plaintiff claims that he slipped on a puddle of oil in a parking space in front of the store.[3] The Plaintiff testified that he did not notice

---

    [1]     Def.'s Statement of Facts ¶¶ 1-2.

    [2]     Id. ¶ 6.

    [3]     Id. ¶¶ 16, 19.

the oil before he slipped, but that he could see the oil from a standing position after the incident.[4] He also noted that the oil was wet and on the bottom of his shoe.[5] After the fall, a QuickTrip employee placed "Oil-Dri" on the spill to remove it.[6]

Under QuickTrip's inspection procedure, all employees are responsible for inspecting the inside and the outside of the store every thirty minutes.[7] The manager on duty also does an inspection to ensure the employees' inspections were completed.[8] On the night of the incident, Jose Mendez – the manager on duty – testified that he performed a follow-up inspection of the parking lot, including the front parking spaces where the Plaintiff fell, at 8:30 pm, approximately twenty-eight minutes before the incident occurred.[9] The inspection was recorded on the "Daily Assignment Worksheet."[10] Mr. Mendez testified that he did not see any oil spills during the 8:30 pm inspection; however, he stated that his view of the parking space where the

---

[4]  Id. ¶¶ 20, 23.

[5]  Id. ¶¶ 21-22.

[6]  Id. ¶ 42.

[7]  Id. ¶¶ 25, 28.

[8]  Id. ¶ 29.

[9]  Id. ¶¶ 30, 32-33.

[10] Id. ¶ 26.

incident occurred was blocked because a car was parked in it.[11] Furthermore, Mr. Mendez testified that he could not recall whether a car was parked in the parking space during his 8:00 pm inspection, or whether the space was free of any oil spills.[12] The Plaintiff filed suit in the State Court of Fulton County, asserting a tort claim against the Defendant based on its employees' failure to remove the puddle of oil before the incident occurred. QuickTrip removed the case to this Court and now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[13] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[14] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[15] The burden then shifts to the

---

[11] Id. ¶¶ 38-39.

[12] Mendez Dep., Ex. B, at 55.

[13] FED. R. CIV. P. 56(a).

[14] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[15] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[16] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[17]

### III. Discussion

Falcolner alleges that QuickTrip was negligent in maintaining its premises and that its alleged negligence was the direct cause of his injuries. Under Georgia law, "[w]here an owner or occupier of land, by . . . invitation induces . . . others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."[18] While "the owner/occupier is not required to warrant the safety of all persons from all things," the owner/occupier must "exercise . . . diligence toward making the premises safe," including "inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from

---

[16] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[17] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

[18] O.C.G.A. § 51-3-1.

the arrangement or use of the premises."[19] For slip-and-fall cases, in particular, "[t]o prove negligence . . . the plaintiff must show (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prevented from discovery it."[20]

Here, there is no evidence to indicate that QuickTrip had actual knowledge of the alleged foreign substance in the parking space. So, the Plaintiff must demonstrate an issue of fact exists as to QuickTrip's constructive knowledge of the alleged substance. Constructive knowledge can be proven by demonstrating "(1) that an employee of the proprietor was in the immediate area of the hazardous condition and could have easily seen the substance or (2) that a foreign substance remained on the floor for such a time that ordinary diligence by the proprietor should have affected its discovery."[21] In his Response Brief, the Plaintiff states that QuickTrip's employees were in the immediate area of the alleged substance because they performed their inspections twenty-eight minutes prior to the incident.[22] But this contention is

---

[19] Robinson v. Kroger Co., 268 Ga. 735, 740 (1997).

[20] Shepard v. Winn Dixie Stores, Inc., 241 Ga. App. 746, 747 (1999).

[21] J.H. Harvey Co. v. Reddick, 240 Ga. App. 466, 470 (1999).

[22] Pl.'s Resp. Br., at 10.

misplaced: the employee must be reasonably close to the incident when it occurs.[23] Here, the evidence indicates that, at the time of the fall, the closest employees were inside the QuickTrip. This is not sufficient evidence to demonstrate that an employee was in the immediate vicinity.

Moreover, "under [Georgia] law, an employee merely working in the immediate area of a foreign substance is not enough; the employee must have been in a position to have easily seen the substance and removed it."[24] The Plaintiff has not put forth any evidence that the employees inside the QuickTrip could have *easily* seen the alleged foreign substance on the ground outside. Thus, the Plaintiff has failed to demonstrate a genuine issue of fact as to the first method of proving constructive knowledge.

Under the second prong, the Plaintiff argues that constructive knowledge should be imputed because the substance was likely on the ground for a sufficient length of time that, if QuickTrip had performed an adequate inspection, the substance would have been found and removed. "Summary adjudication as to constructive knowledge

---

[23] See Coffey v. Wal-Mart Stores, Inc., 224 Ga. App. 824, 829 (1997) (holding that an employee was not in the immediate area of the foreign substance since the plaintiff was closer to the substance and there was no evidence that the employee approached the substance).

[24] Id.

arising from the duty to inspect is not authorized absent plain, palpable and undisputable proof that customary procedures . . . were in place, were actually followed and were adequate to guard against known or foreseeable dangers . . . ."[25]

Here, QuickTrip has put forth evidence of its daily inspection procedure, which includes inspecting the parking lot every thirty minutes and recording the inspections on a "Daily Assignment Worksheet."[26] On the night of the incident, Mr. Mendez stated that he performed a follow-up inspection of the parking lot at 8:30 pm, approximately twenty-eight minutes before the fall.[27] However, there is undisputed evidence that a car was parked in the parking space where the Plaintiff fell during the 8:30 pm inspection. Furthermore, Mr. Mendez could not recall whether a car was parked there during his 8:00 pm inspection, or whether he saw any substance in the parking space during that inspection.[28] So, while an inspection of the parking lot was carried out, it is unknown when the parking space in question was last inspected and free of any substance. This evidence creates a genuine issue of fact as to whether the inspections were adequate.

---

[25] Ramotar v. Kroger Co., 322 Ga. App. 28, 30-31 (2013) (quoting Burnett v. Ingles Markets, 235 Ga. App. 865, 867 (1999)).

[26] Def.'s Mot. for Summ. J., at 4.

[27] Id. at 5.

[28] Mendez Dep., Ex. B, at 55.

Even if the parking space was inspected at 8:00 pm, the Plaintiff may rebut the Defendant's evidence of a reasonable inspection procedure by demonstrating that the alleged substance was on the ground long enough that it should have been discovered. To that end, the Plaintiff has put forth evidence that, based on photographs of the parking space, the substance had dispersed and stopped moving.[29] According to the Plaintiff, this shows the substance was there for at least an hour. And, importantly, the Plaintiff's testimony indicates that the substance was visible if looking directly at the parking space.[30] Viewing the evidence in a light most favorable to the Plaintiff, there remains a question of fact as to whether QuickTrip had constructive knowledge of the substance.

Finally, the Defendant briefly implies that the Plaintiff did not exercise ordinary care, noting that "if [the Plaintiff] had looked down at the ground, Plaintiff would have seen the oil."[31] However, in Georgia, "[i]n routine cases of premises liability, . . . the plaintiff's lack of ordinary care for personal safety [is] generally not susceptible of summary adjudication . . . ."[32] Additionally, there is no evidence to indicate that the

---

[29]   Pl.'s Resp. Br., at 11.

[30]   Falcolner Dep., Ex. A, at 63-64.

[31]   Def.'s Mot. for Summ. J., at 4.

[32]   Food Lion v. Walker, 290 Ga. App. 574, 577 (2008) (quoting Robinson, 268 Ga. at 749).

Plaintiff was aware of the substance prior to his fall. Thus, to the extent that QuickTrip contends summary judgment is appropriate based on the Plaintiff's lack of ordinary care or equal knowledge, this Court disagrees.

### IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 23] is DENIED.

SO ORDERED, this 28 day of September, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge